IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE | ) | Chapter 7 |
| | ) | |
| LAWRENCE R. RAUCCI, | ) | Case No. 14 B 15936 |
| | ) | |
| Debtor. | ) | Hon. Timothy A. Barnes |
| BARRY A. CHATZ, not individually but solely as Chapter 7 Trustee, | ) ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. Case No. 15 A 860 |
| | ) | |
| KIM RAUCCI AND ITALK MEDIA SOLUTIONS, INC., | ) ) | |
| Defendants. | ) | |

**AMENDED COMPLAINT FOR DECLARATORY JUDGMENT; TO AVOID FRAUDULENT TRANSFERS AND FOR TURNOVER**

NOW Comes Barry A. Chatz, not individually but solely as Chapter 7 Trustee, by and through his attorneys, Gregory K. Stern, Monica C. O'Brien, and Rachel S. Sandler, and in support of his Amended Complaint For Declaratory Judgment; to Avoid Fraudulent Transfers Pursuant to 11 U.S.C. §548; and for Turnover, states as follows:

**INTRODUCTION**

1. On April 29, 2014 (the "Petition Date"), Lawrence R. Raucci (the "Debtor") caused a Voluntary Petition under Chapter 7 of the United States Bankruptcy Code to be filed (the "Bankruptcy Case"), and Barry A. Chatz was appointed as Chapter 7 Trustee in the case.

2. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334, and this adversary proceeding is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (H) and (O).

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409(a).

1

## PARTIES

4. Kim Raucci, the wife of the Debtor, is an individual residing at 734 Illinois Road, Wilmette, Illinois

5. ITALK Media Solutions, Inc. ("ITALK") is an Illinois corporation having its principal business location at 734 Illinois Road, Wilmette, Illinois.

6. ITALK operates under the assumed name of Talk Advertising 1.

7. Kim Raucci is the 100% shareholder of ITALK.

8. Pursuant to 11 U.S.C. §101(31), Kim Raucci is an "insider" of the Debtor.

## FACTS

9. The Debtor owns and controls 100% of the shareholder interests of T.A.L.K. Networking Systems, Inc. d/b/a Talk Advertising ("TALK"), an Illinois corporation.

10. On November 25, 20002, TALK was incorporated with the Illinois Secretary of State.

11. The Illinois Secretary of State reflects that TALK operated its business out of the Debtor's residence located at 734 Illinois Road, Wilmette, Illinois.

12. TALK was managed solely by the Debtor.

13. TALK had no officers or directors other than the Debtor.

14. Although the Debtor was the 100% shareholder of TALK, no certificate of stock was ever issued by TALK to the Debtor.

15. TALK did no hold corporate meeting or maintain a corporate minute book.

16. TALK maintained checking accounts at JPMorgan Chase Bank, N.A. and North Shore Community Bank and Trust ("TALK's Bank Accounts").

17. The Debtor was the authorized signer on TALK's Bank Accounts.

18. The Debtor paid his personal and household expenses directly from TALK's Banks Accounts. The Debtor paid his personal credit cards directly from TALK's Bank Accounts. Thus, the

financial affairs of the Debtor and TALK were commingled to the extent that they cannot easily be reconstructed.

19. TALK was engaged in the business of providing advertising services.

20. TALK provided advertising services to its sole client, Banner Health ('Banner").

21. On or about April 17, 2009, TALK and Banner entered into a Services Agreement (the 'Banner Agreement") whereby TALK would provide advertising services to Banner.

22. Prior to July 2012, payments from the Banner Agreement were deposited into TALK's Bank Accounts.

23. Neither the Debtor nor TALK had an independent existence before or after the filing of the Bankruptcy Case.

24. TALK is the alter ego of the Debtor.

25. On June 8, 2012, ITALK was incorporated with the Illinois Secretary of State.

26. ITALK is engaged in the business of providing advertising services.

27. ITALK performs the exact same services as TALK.

28. ITALK operates out of the Debtor's residence.

27. While TALK utilized the d/b/a Talk Advertising, ITALK utilizes the d/b/a Talk Advertising 1.

28. ITALK is managed solely by Kim Raucci.

29. ITALK has no officers or directors other than Kim Raucci.

30. Upon information and belief, no certificate of stock was ever issued by ITALK to Kim Raucci and ITALK does not hold corporate meetings or maintain a corporate minute book.

31. ITALK maintains a checking account at North Shore Community Bank and Trust. ('ITALK's Bank Account").

32. Kim Raucci is the authorized signer on ITALK's Bank Accounts.

33. Kim Raucci pays her personal and household expenses directly from ITALK's Bank Account.

34. ITALK's sole source of income is generated from the Banner Agreement.

35. Neither Kim Raucci nor ITALK has an independent existence.

36. ITALK is the alter ego of Kim Raucci.

37. The Debtor's Schedules in the Bankruptcy Case reflect that TALK is an inactive corporation and that the Debtor is unemployed.

38. Since 2012, the Banner Agreement has been amended several times.

39. The latest amendment to the Banner Agreement was executed on April 13, 2015 by the Debtor, as Media/Advertising Consultant. Neither Kim Raucci nor ITALK is referenced on any of the amendment to the Banner Agreement.

40. Notwithstanding the Debtor's representations in his Schedules, each of the amendments to the Banner Agreement since July 2012 have been executed solely by the Debtor.

41. ITALK paid no consideration for the use of the Banner Agreement.

42. From July 2012 to the Petition Date, the money generated from the Banner Agreement between Banner and TALK has been deposited into ITALK's Bank Account (the "Ongoing Transfers").

43. From the Petition Date to the present, the money generated from the Banner Agreement between Banner and TALK has been deposited into ITALK's Bank Account without the consent or approval of the Trustee.

44. Neither Kim Raucci nor ITALK paid any consideration to TALK or the Debtor for the use of the Banner Agreement or any of TALK's assets, including, its customer list, contracts, name and other business intangibles.

45. The value of the Debtor's interest in TALK and the Banner Agreement was reduced to zero based upon the Ongoing Transfers to ITALK.

46. ITALK received and continues to receive the benefits of the Ongoing Transfers.

47. Kim Raucci received and continues to receive the benefits of the Ongoing Transfers.

## COUNT I
### Declaratory Action – Alter Ego

48. The Trustee hereby incorporates by reference the allegations contained in paragraphs 1 through 47 above as paragraph 48 of Count I as if fully set forth herein.\

49. This is an action brought for declaratory relief pursuant to §701 of the Illinois Code of Civil Procedure (735 ILCS 5/2-701) and its federal analogue, 28 U.S.C. §2201 ("Declaratory Relief Act"), and other applicable law.

50. The Trustee seeks a determination that TALK is the alter ego of the Debtor and, as such, all assets of TALK are subject to administration as assets of the Debtor.

51. The Debtor used TALK's Bank Accounts for his personal benefit without any regard for corporate formalities.

52. The Debtor used TALK as an instrument to conduct his personal business affairs.

53. There was a failure to maintain an arm's length relationship between TALK and the Debtor.

54. TALK failed to maintain corporate records and minutes.

55. TALK failed to hold shareholder meetings.

56. TALK was dominated and controlled solely by the Debtor.

57. The Debtor has utilized TALK for improper purposes, including attempting to shield assets from the claims of his creditors in the Bankruptcy Case.

58. There is such a unity of interests and ownership that the separate personalities of TALK and the Debtor no longer exist.

59. Adherence to the fiction of separate existences for the Debtor and TALK would sanction a

fraud, promote injustice, or promote inequitable consequences.

60. The foregoing is sufficient to demonstrate that TALK and the Debtor were and are alter egos of one another.

WHEREFORE, Barry A. Chatz, Trustee, requests this Court enter a declaratory judgment finding that: (1) the Debtor and TALK are alter egos of each other, (2) the assets of TALK are part of the Debtor's bankruptcy estate under 11 U.S.C. §541; and (3) for such other relief as this Court deems necessary.

## COUNT II
## AVOIDANCE OF FRAUDULENT TRANSFER – 11 U.S.C. §548

61. The Trustee hereby incorporates by reference the allegations contained in paragraphs 1 through 47 above as paragraph 61 of Count II as if fully set forth herein.

62. The Ongoing Transfers occurred within two (2) years before the filing of the Bankruptcy Case.

63. The Ongoing Transfers were made to and for the benefit of the ITALK and Kim Raucci.

64. The Debtor, on behalf of TALK, made the Ongoing Transfers without receiving reasonably equivalent value in exchange for the Ongoing Transfers.

65. The Debtor was insolvent or became insolvent shortly after the Ongoing Transfers were made.

66. The Ongoing Transfers are fraudulent transfers pursuant to 11 U.S.C. § 548 of the Bankruptcy Code.

67. Pursuant to 11 U.S.C. §548(a)(1)(B)(ii)(I) of the Bankruptcy Code, the Trustee may avoid:

> [A]ny transfer of an interest of the debtor in property, or any obligation (including any obligation to or for the benefit of an insider under an employment contract) incurred by the debtor, that was made or incurred on or within 2 years before the date of the filing of the petition, if the debtor voluntarily or involuntarily received less than a reasonably equivalent value in exchange for such transfer or obligation; and was insolvent on the date that such

6

transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation.

WHEREFORE, Barry A. Chatz, Chapter 7 Trustee, prays that this Court enter an order avoiding the Ongoing Transfers; and for such further relief as this Court deems just.

## COUNT III
## LIABILITY OF TRANSFEREE OF AVOIDED TRANSFER – 11 U.S.C. § 550

68. The Trustee hereby incorporates by reference the allegations contained in paragraphs 1 through 47 and 61 through 67 above as paragraph 68 of Count III as if fully set forth herein.

69. The Defendant, ITALK, is the initial transferee of the Ongoing Transfers.

70. The Defendant, Kim Raucci, is an individual for whose benefit the Ongoing Transfers were made as she is the 100% owner of ITALK.

71. Pursuant to 11 U.S.C. § 550 of the Bankruptcy Code, to the extent that a transfer is avoided under § 548, the trustee is entitled to recover, "for the benefit of the estate, the property transferred, or if the court so orders, the value of such property from…the initial transferee of such transfer or the entity for whose benefit such transfer was made."

72. Pursuant to 11 U.S.C. § 550(a) of the Bankruptcy Code, the Trustee is entitled to recover the present value of the Ongoing Transfers that were received by the Defendants.

WHEREFORE, the Trustee respectfully requests that this Court:

A. Enter judgment in favor of the Trustee and against the Defendants declaring that the Trustee is entitled to a money judgment for the value of the Ongoing Transfers, pursuant to 11 U.S.C. § 550 of the Bankruptcy Code;

B. Enter judgment in favor of the Trustee and against the Defendants in an amount in excess of $50,000.00; and,

C. Grant the Trustee any and all such other and further relief as this Court deems just.

## COUNT IV
## TURNOVER – 11 U.S.C. § 542

73. The Trustee hereby incorporates by reference the allegations contained in paragraphs 1 through 47 above as paragraph 73 of Count IV as if fully set forth herein.

74. The Banner Agreement and the assets of TALK are property of the estate pursuant to 11 U.S.C. §541. Any proceeds or profits from the Banner Agreement are also property of the estate. See, 11 U.S.C. § 541(a)(6).

75. The Trustee is seeking the turnover of all proceeds and profits generated from the Banner Agreement and the use of TALK's assets from the Petition Date to the present.

WHEREFORE, Barry A. Chatz, Chapter 7 Trustee, prays that this Court enter an order ordering the Defendants to turnover all proceeds and profits generated from the Banner Agreement and the use of TALK's assets; and for such further relief as this Court deems just.

          /s/ Gregory K. Stern
           Gregory K. Stern

Gregory K. Stern (Atty. ID #6183380)
Monica C. O'Brien (Atty. ID #6216626)
Rachel S. Sandler (Atty. ID #6310248)
53 West Jackson Boulevard
Suite 1442
Chicago, Illinois 60604
(312) 427-1558